No. 622 July 1, 2026 217

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP DAVID BUTLER,
*Defendant-Appellant.*

Washington County Circuit Court
23CR59399, 24CR11555, 23CR09685;
A185232 (Control), A185233, A185234

Andrew Erwin, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for two counts of second-degree sexual abuse.[1] He raises four assignments of error, which reduce to two arguments: first, that the trial court plainly erred in entering a conviction for the lesser-included offense of second-degree sexual abuse on counts one and three when the state had not alleged that offense; and second, that the trial court abused its discretion when it imposed $200 fines on both those counts given defendant's financial circumstances. We affirm.

*Second-degree sexual abuse convictions:* The state charged defendant with first-degree rape. Second-degree sexual abuse is a lesser-included offense of that crime. In his first and second assignments of error, defendant contends that the trial court erred in entering convictions for second-degree sexual abuse because the state did not identify any lesser-included offenses in the indictment. Indeed, it was not until closing argument in the bench trial that the state asked for the court to consider sexual abuse as a lesser-included offense if the court did not find defendant guilty of rape. Defendant did not object to the state's request or to the trial court's finding that defendant was guilty of the lesser-included offense.

On appeal, defendant argues that the court violated defendant's due process rights by entering a conviction for the lesser-included offense, given the lack of notice to defendant. Defendant first contends that he should be excused from preservation requirements, given that the issue did not arise until the state's closing argument. Alternatively, defendant asks that we review for plain error.

The answer to both defendant's arguments—that the preservation requirements should be excused because he did not have notice of the lesser-included offense and, alternatively, that the trial court committed plain error—is the same. Under ORS 136.465,[2] "an indictment of one offense includes, by necessary implication, charges of lesser-included offenses."

---

[1] This is a consolidated appeal involving two other cases (23CR09685 and 24CR11555) in which defendant was convicted of other crimes. Defendant does not appeal the convictions at issue in those cases.

[2] ORS 136.465 provides: "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the

*State v. Gilmore*, 336 Or App 706, 716, 719, 562 P3d 250 (2024), *rev den*, 373 Or 738 (2025) (rejecting the defendant's argument that the defendant lacked notice that the trial court would consider lesser-included offenses). The indictment for a greater offense provided defendant with notice; thus, the preservation requirement is not excused, and the trial court did not commit plain error by convicting defendant of a lesser-included offense. Although that general rule has a narrow exception, that exception is not applicable here. Where the state tells a defendant in advance of trial that it will not be seeking a conviction for a lesser-included offense, a defendant lacks actual notice that they could receive a conviction for a lesser offense, which is a violation of due process principles. *State v. Keene*, 317 Or App 19, 26, 505 P3d 418 (2022); *State v. Barrie*, 227 Or App 378, 384, 206 P3d 256 (2009). Because defendant here does not contend that the state provided any such assurances, *Keene* and *Barrie* do not assist him.

*Imposition of fines:* In his third and fourth assignments of error, defendant contends that the trial court plainly erred in imposing a $200 fine for his convictions. *See* ORS 137.286(2) (providing for a $200 mandatory minimum fine for a felony). Defendant contends that the trial court committed legal error in imposing those fines because the only permissible legal conclusion that the court could have reached is that defendant lacked the ability to pay them. *See* ORS 137.286(3) (providing that a trial court "may waive payment of the minimum fine * * * if the court finds that requiring payment of the minimum fine would be inconsistent with justice in the case" and that the court "shall consider" the defendant's financial resources in making that determination). Although defendant generally asked the court to waive "as many of the financial obligations as possible[,]" he never argued that, as a matter of law, the court was required to waive the fines under ORS 137.286(3). His claim of error is thus unpreserved, and we review it for plain error. *See State v. Seck*, 304 Or App 641, 642, 468 P3d 531, *rev den*, 366 Or 827 (2020) (recognizing the distinction between urging a court to exercise its discretion to not impose a fine and

---

defendant is charged in the accusatory instrument or of an attempt to commit such crime."

arguing that the court cannot impose that fine as a matter of law).

The trial court did not commit plain error in imposing the mandatory minimum fine. Although defendant contends that ORS 137.286(3) is very similar to ORS 161.645 (which requires a court to consider ability to pay before imposing a fine), we have rejected that same argument in the plain error context. *E.g.*, *State v. Shipley*, 307 Or App 263, 265, 476 P3d 971 (2020). We do so here, for the same reasons.

Affirmed.